SMITH and another *against* KNISKERN and others.

A testator possessed of a large real and personal estate, bequeathed *January 8th.*
to his wife, his household furniture, &c. and " *her comfortable sup-*
*port and maintenance out of his estate, to be, from time to time, ren-*
*dered and paid to her by his executors,* and the use of one room in
his dwelling-house, during all such time as she should continue to
be his widow, and no longer :" And after a legacy to a grand-
daughter, he devised the rest of his estate equally between his two
daughters : *Held,* that though the charge of a " comfortable sup-
port and maintenance," might fall upon the real as well as the per-
sonal estate, it did not affect the widow's right of dower ; there
being no express declaration on the subject by the testator, nor
any thing inconsistent in the two claims, and that, therefore, the
widow was not to be put to her election.

BILL for a partition. *Jacob Kniskern* died possessed of
a large real and personal estate in *Schoharie,* and by his
last will, dated the 23d of *February,* 1818, he gave to his
wife, " all his beds and bedding, together with all his house-
hold furniture, his negro wench *S.* and negro boy *J.,* and
her comfortable support and maintenance out of his estate,
to be, from time to time, rendered and paid to her by his
executors, and the privilege and use of one room in his
dwelling-house during all such time as she should continue
to be his widow, and no longer." He next directed his
executors to sell so much of his personal estate as to raise
330 dollars, including his outstanding debts, and to pay
300 dollars of the sum to his granddaughter *C.,* and the
30 dollars to be laid out in furniture for her, &c. The tes-
tator then gave a moiety of all the residue of his estate,
real and personal, to his daughter *Eve,* and the other moiety
to his daughter *Elizabeth.* The bill prayed for a partition,
and that the widow might be decreed to elect whether to
take the provision under the will, or to claim her dower.

The widow, in her answer, insisted, that she was not bound to make an election, but if she was bound, she elected to take the provision under the will.

*B. Chamberlain*, for the plaintiffs. 1 *Term Rep.* 411. 2 *Term Rep.* 656. 3 *Term Rep.* 359. 4 *Term Rep.* 93. *Co. Litt.* 36. b. Cruise's Dig. tit. *Dower*, c. 5. s. 33. 35.

*I. Hamilton*, contra. He cited *Cruise*, tit. *Dower*, c. 5. s. 22. 29. *Adsit* v. *Adsit*, 2 *Johns. Ch. Rep.* 448.

THE CHANCELLLOR. The charge of a " comfortable support and maintenance," falls, probably, upon the real estate as well as the personal. But the latter ought to be first applied; and as the executors were directed to render the maintenance from time to time, and as no authority is given to them over the real estate, it would seem that the testator had a particular reference to the personal estate, in making that provision for his wife. I do not perceive, however, that the provision destroys the right to dower. There is no inconsistency between the two claims, even supposing the charge for maintenance to rest upon the real estate. From the large and valuable real estate set forth in the pleadings, and admitted, it is quite apparent that the real estate is much more than adequate to furnish the support and the dower. There is nothing repugnant in the operation of the two claims; and the assertion of the right of dower, will not disturb or defeat any provision in the will. A comfortable maintenance is a provision of a very modest pretension, and it can easily be supposed to have been intended to aid the right of dower, and to secure, in every event, comfort and competence to the wife. But whether the testator had any thought, at the time, of the claim of dower, cannot be certainly known. It is sufficient that he has not made any declaration of his will on the subject, and, therefore, the doctrine in *Adsit* v. *Adsit* will

apply, and must govern the case. The rule·is, that the widow takes both provisions, unless the estate is insufficient to support both, or such an inconsistency appears between the provisions in the will, and the dower, as to make the intention clear and indubitable, that both provisions were not to be taken.

I shall accordingly declare, that the widow is not to be put to her election.

Decree accordingly.