Samuel Woodward died seized of land in N. Castle county, leaving a widow, Mary Woodward, and four daughters, of whom the appellant's wife is one. He devised as follows: — "My will is that my executors set apart the sum of $3,000 out of my estate, the interest of which they or either of them are to receive and pay over to my said wife, annually and every year during the period of time that she remains my widow;" and that immediately after his decease, his personal and real estate should be sold by his executors, and all the proceeds arising from said sale, both personal and real, with other monies remaining, either on hand or owing at the time of his decease, should be equally divided amongst his said four daughters; and in case either of them should die before the testator's decease, then such share to descend to their children in equal portions. The testator was possessed of a considerable personal estate, enough to pay all debts and legacies, and furnish the said fund of $3,000, without resorting to the real estate.
The Orphans' Court decided that the bequest of the interest on the $3,000, so set apart by the testator, was not a devise of a portion of the real estate of the testator within the meaning of Dig. 168; and that said bequest was not to be taken in bar of dower.
"Sec. 3. If a testator after the passing of this act shall devise to *Page 429 
his wife any portion of his real estate, such devise shall be deemed and taken to be in lieu and bar of her dower out of the estate of her deceased husband, in like manner as if the same were so expressed., unless such testator shall by his last will and testament declare otherwise; any law, usage or custom to the contrary notwithstanding." (Digest 168.)
Mr. Chandler, for appellants. — 1. This devise of the interest of $3,000 is a portion of the real estate within the meaning of the law. The evident intention was to mingle all his property and convert it into money; and if any part of it was real property, it would make the same, under the law, a substitute for the dower. The construction must be similar (by analogy) to cases under the mortmain laws. They provide that corporations shall not take real estate by devise, and this is to protect real estate on account of its dignity. Yet in the construction of these acts, it is held that money directed to be laid out in land shall be considered as land; and land directed to be turned into money is treated still as land. (4 Ves. 430; 10ib. 41.)
It was the evident intention of the testator to provide for his widow; and as it was necessary for him to make the provision in money, or defeat his main intention of selling his lands; having made this provision and ordered the sale, the necessary inference is, that he meant the pecuniary provision to be a substitute for the dower.
2. The term "estate" means the interest in the land.
Mr. Wales, for appellee. — The rule that dower is most highly favored in law is founded in reason and policy; the widow is a meritorious and the most meritorious claimant of one-third of both real and personal estate. Such a claim is not to be put on a footing with claims against the acts of mortmain, which were passed to prevent frauds on persons in extreme sickness.
There is no devise of real estate or any portion of real estate by this will; no intention expressed of taking away any right to the real estate. In order to divest the title to dower the intention must beclear on the face of the will. Every testator is supposed to know his own rights, and the rights of others affected by his will. If he means to divest a title to dower he must do it plainly.
What was the law previous to the act of 1816? A devise of a portion either of real or personal estate to a dowress did not defeat dower, unless given expressly in lieu of dower; or is clearly necessary to effect the general intention. (2 Johns. Ch. Rep. 448, 450.) A direction to sell the farm is not sufficient in itself. A bequest of a *Page 430 
sum of money was never held to be a bar of dower. (4 Johns. Ch.Rep. 9.) The rule is, that the widow takes both the bequest and the dower, unless the estate will not support both, or it clearly appears to have been the intention not to give both.
This is neither a devise of real estate, nor a charge upon real estate. The land might be sold clear of any charge created by the will, but not clear of the paramount claim of dower.
What expression is there in the will to show that the interest of of this fund should be a substitute for dower? There was enough personal estate to create such a fund. The bequest is only of theinterest of $3,000 during widowhood; in bar asthey say of dower in his real estate during life.
(5 Barn. Ald. 18; 7 Eng. Com. Law Rep. 8.) This bequest is in connection with legacies, and before the mention of real estate. (5 Taunt. Rep. 204-5-6; 1 Com Law Rep.
104-5-6.) The direction to sell his real estate is not sufficient to show any intent to bar the dower. The direction is to sell all his interest, c. His estate was subject to dower, and might be sold in fee simple, subject to dower. The act of 1816 in this respect applies only to devises of land, and to devises of real estate to the widow. What claim has this widow on this real estate? Her dower might in this way be divested and the widow turned round to the personalty, with all the risks of its insufficiency, for her election must be made at once.
J. A. Bayard, in reply. — The question now for consideration is whether there is in this will a bequest of real estate within the meaning of the act of 1816, and if there is, whether it expressly appears by the will that the testator did not intend to make it a substitute for dower. The act of 1816 was designed to change the common law. At common law a bequest of either real or personal property was no bar of dower, unless it was expressed to be in lieu of dower. The legislature in 1816, saw fit to change this common law principle as it respects the real estate, and provided that wherever there is a devise of any portion of real estate, the presumption shall be contrary, and she shall be put to her election to take either bequest or dower unless it expressly appears he meant to give her both.
The question then is — is there here a devise of the real estate or any part of it. If there is, the onus is upon the widow to show that this was not intended to bar dower. On this question the principle of the mortmain acts applies. A legacy charged on land, is land: a bequest of land to be sold, and the proceeds applied to a prohibited purpose, is prohibited as much as a bequest of the land itself. *Page 431 
Within the meaning of the act of 1816, any bequest which the widow may in any way enforce against the land, is a bequest of a part of the land. The right to proceed against the real estate is a part of that real estate: that which affects the land is a devise of the land. Nor is this affected by the accident of whether the personal estate turns out to be sufficient or not; the inquiry is, whether the testator has bequeathed the land or any portion of it; and if he has devised any interest in it, or charge upon it, or power over it, this comes within the act; and if the widow takes it she must give up her dower, or show that her husband meant that she should have both. Suppose there had been a failure of the personalty to raise the $3,000, would any one doubt that they would have to sell the land to raise it? Yet the question does not depend on the sufficiency of the personal estate. All his estate is directed to be sold, and by force of the will it all becomes personal in the hands of the executors. And if the widow in any event can compel a resort to the land to satisfy the will, it is a devise of the land. It is in this sense a charge on the land — not in the hands of the executors — but which may require a sale of the land for the purposes of the charge.
The construction can never depend on the amount of the personal property, otherwise we would always inquire into the condition of the personalty to find out what is the legal construction of the will. It cannot be made to depend upon a subsequent fact — on a conditional matter — perhaps a fluctuating matter. For the personalty might be sufficient at the death of the testator and not at the end of the year, when the bequest would be demandable. In other words, the decision of the court shortly after the death of the testator might be that the devise was in bar of dower, and the same court might have to decide a year later, if the personal property becomes insufficient, even if an executor were to run away with it, that the devise wasnot a bar of dower. This practical absurdity proves, that the construction cannot depend on any such fact; but on the question whether the testator has given the widow a power to have the land sold for the purposes of the bequest; if she has, it is a bequest of a part of the real estate within the meaning of the act of 181C, and must be taken to be in bar of dower.
But in this case the realty is to be sold at all events, without reference to the amount of the personal property; the land is to be sold; its proceeds are to be mingled with the personal estate, and she is to derive an interest out of both. It is then a part of both; and if any *Page 432 
part of the realty be devised it is a bar of dower, or at least puts the widow to her election to take one or the other.
By the Court. — There is in this will no devise to the widow of any portion of the real estate of the testator, within the meaning of the act of assembly, so as to put the widow to her election, between the dower and the estate devised. The bequest is of personalty, and may be exclusively satisfied out of the personal estate. It is a bequest of the interest of $3,000, to secure the payment of which a fund is set apart out of the testator's "estate;" but as to the real estate, no portion of that is devised to the widow, nor could she get any portion of it in case she should prefer the bequest in the will to her dower. The title to dower is an interest in the realty; it is a right to have a third part of the lands, c., specifically laid off, and our intestate act requires that it shall be always laid off. The law not only favors dower, but dower in this particular form; in the shape of land or real estate as a more permanent and safer provision for the widow. It is most probable then, that when the legislature provided that in case the testator should "devise to his wife any portion of his real estate," it should be taken to be in lieu of dower, they meant precisely a divise of the real estate, a provision for the widow in kind like that which the law so much favors and prefers; and that they did not mean a mere pecuniary bequest of a legacy, though the proceeds of the land might be called in to secure payment of such legacy.
The question is not now whether there is such a repugnance or conflict between the legacy, and the subsequent direction to sell the land in part for securing the legacy, as will on general principles require the widow to carry out the will in whole or abandon all her interest under it; but it is simply upon a construction of the act of 1816, whether this will contains any devise to the wife of any portion of the real estate of the testator, such as by the third section of that law is to be taken per se in lieu and bar of dower, as if the same were so expressed. We think it does not, and that the decree of the Orphans' Court ought to be affirmed.
 Decree affirmed.