Johnson, J.
The leading question, and that to which the grounds of this motion are principally directed, is whether the defendant is entitled to dower in the lands of her late husband, the plaintiff’s testator.
The widow’s right of dower is one with which the law invests her, and over which the husband has no control. He can neither dispose of it by contract in his lifetime, nor direct the disposition of it after his death by will or otherwise. She can only be deprived of it by her own act or voluntary consent. The husband has, however, the unquestionable right to annex to the dispositions of his other property, by will, any condition he may think proper, which is not in itself against the law. He may, therefore, make it the condition of a legacy to his wife, that she shall renounce her dower or declare that it shall be in lieu or bar of her dower, and if *43 she accept it, must necessarily so operate. It seems to be universally agreed, too, that although 'no such condition or declaration is expressed in the will, she will not be entitled to both the legacy and the dower, if retaining her dower would be inconsistent with the provisions of the will, and defeat the intention of the testator. But there has been much difficulty in establishing a rule of construction by which to ascertain the intention.
In Lawrence v. Lawrence, 2 Vern; 365, the testator gave to his wife a part of his personal estate and a part of his real estate, during her widowhood, and devised the residue of his estate to trustees for the payment of his debts and other legacies, remainder to his god-son — and Lord Somers was of opinion that here was a plain intention that the legacy should be in lieu and satisfaction of dower, because the testator had devised all his other real estate to other uses, and decreed that the widow should make her election to take the legacy or her dower. But this judgment was afterwards reversed by Lord Keeper Wright, whose opinion was supported on an appeal to the House of'Lords.
*In Villa Real v. Lord Galway, Ambler, 682, the testator de- r^.,„ vised to his wife an annuity of two hundred pounds, and the bulk L 48 of his estate, real and personal, to trustees in trust; amongst other things to pay this annuity; and it was held by Lord Camden, that the widow was not entitled to both the legacy and her dower, but must elect — 1st. Because to allow the claim of dower would disappoint the will. It puts the widow in possession, instead of the trustees, who are to hold the whole, and in trust for the widow as an annuitant. 2dly. Because the dower and annuity are inconsistent with each other.
The same rule is laid down in Arnold v. Kemstead, Ambler, 466 ; and Jones v. Collier, Ibid. 730, in both of which the estate in which dower was claimed, was charged with an annuity for the wife.
These cases would seem to have established the rule that an annuity for the wife, charged upon the land in which she claimed to be endowed, was inconsistent with the right of dower, and that she could not have both; but in Pearson v. Pearson, 1 Bro. Ch. C. 292, Ld. Loughborough was of opinion, that this was not conclusive, and that if the estate was sufficient to satisfy both the annuity and the dower, they could not be regarded as inconsistent, and Lord Thurlow expressed the same opinion in Foster v. Cook, 3 Bro. Ch. C. 347.
The same opinion is discussed by Lord Alvanly, in French v. Davies, 2 Vesey, Jr., 572., and Strahan v. Sutton, 3 Ves. 249, and although the judgment was not upon the point, there is an evident leaning in favor of the rule in Pearson u Pearson’ and the case of Greatorex v. Carey, 6 Ves. 615, was decided by Sir William Grant on the authority of Foster and Cook. The subject came under the review of Lord Redesdale in Birmingham v. Kerwan, 2 Sch. & Lef. 444, and the rule which he deduces from all the cases is, that the intent to exclude the right of dower by a voluntary gift, must be demonstrated by express words, or by clear and manifest implication, and this implication must arise from some provision in the will inconsistent with the assertion of the claim. I refer also to the case of Adsit v. Adsit, 2 Johns. Ch. Rep. 448, where all the cases are collated by Chancellor Kent with his accustomed ability — and after all, it may be well doubted, whether there is in England any thing *44 like a settled rule upon the subject, or whether indeed it can be reduced # to a certain rule. It is a question of intention and that may manifest itself in such variety of form, that there would be great difficulty in laying down any rule which would meet every case that may arise. The prosecution of the inquiry is, however, unnecessary to the present ease; for, as remarked by Chancellor Kent, in Adsit v. Adsit, all the cases, however irreconcilable in other respects, agree in this, that a devise of lands to trustees to sell, or with directions to the executor to sell, is understood to pass the real estate subject to dower, and that is precisely this case.
A legacy, according to the language of some of the cases, implies a consideration in itself, an adequate motive for the gift, and it will not be intended that the testator expected that the legatee should renounce any right in consideration of1 the legacy, unless it is so expressed, either in direct terms, or by necessary implication. In this case, the testator gives to his wife, the defendant, all the property which came by her in marriage, and directs that his estate should be sold to pay debts and to provide for his.children. He will be presumed to have known that the wife would be entitled to be endowed of his lands, and as he has not thought proper to annex to the legacy to her, the condition that she should receive her dower, it is a fair and reasonable conclusion, that they should be sold subject to that right, and in this way the provisions of the will are rendered perfectly consistent.
It is stated in the brief, that the defendant has been in the exclusive possession of the lands from the time of the death of the testator, and the bill prays an account for rents and profits, but no order of reference is made in the decree, nor does the decree make any order for the admeasurement of the defendant’s dower ; both these orders are rendered necessary by the result, and were omitted, I presume, from inadvertence. The executor asks the instruction of the Court also in relation to his power to sell the lands under the direction contained in the will, and of this also there can be no doubt.
It is therefore ordered and decreed, that the cause be referred back to the Circuit Court, and that it be referred to the Commissioner, to ascertain whether the defendant is liable for rents and profits, and to what amount; and that a writ for the admeasurement of the defendant’s dower in the lands whereof the plaintiff’s testator died seized, do issue.
O’Neall and Harper, Js., concurred.