The opinion of' the Court was delivered by
Wabdlaw, J.
The gift made by a husband’s will to his wife, either for life or in fee, of every thing that he owned at his death, apart from a distinct manifestation of a contrary intention, would be construed a benevolence: — the acceptance of it would by necessity exclude her demand of dower in the lands contained in the gift, for she could not demand against herself (Shep. Touch. 328; Caston vs. Caston, 2 Rich. Eq. 2:) but it would affect her right of dower in other lands which the husband had aliened during coverture, no more than it would«affect her right in a chose in action or any other thing to which she was entitled independent of the husband’s will. (Cunningham vs. Shannon, Eq. Mss. H. 407; Hitchens vs. Hitchens, 2 Vern. 403; Adsit vs. Adsit, 2 Johns. Ch. 448; and other cases cited in the dissenting opinion of Chancellor Dargan, 4 Strob. Eq. 92, Bailey vs. Boyce.)
It has been suggested here, that the devise of the remainder after the wife’s life estate, would be diminished and disturbed by the damages which the defendant, husband’s vendee, would recover from the husband’s executors for the breach of warranty that would be made by the wife’s recovery of dower in the lands conveyed to the defendant: that thence arises an implication in the will that the provision therein made for the wife should be in lieu of dower : and that her acceptance of it has barred her *37 present demand'. Admitting that there was a warranty, and that the remainder will be diminished as has been suggested, the result at last will be that the remainder will be less valuable than had been expected, — that the testator was worth less than the remainder-men had hoped. The dower disturbs just as a debt of the testator would do. As a devise to a creditor would not of itself prevent his taking both his debt and devise, so a devise to a wife does not, of itself, have any effect upon her dower, which is no more subject to the disposition of a testator than is his debt. The right to either debt or dower may be extinguished by the acceptance of something which has been given for the purpose of satisfying it: but such purpose, in a husband’s will, when it is urged against dower, must appear by express words or necessary implication.
Motion granted.
O’Neall, Withers and Whitner, JX, concurred.

Motion granted.