SUMEREL v. SUMEREL.

SAME v. SAME.

1. DOWER—PROVISIONS OF WILL IN LIEU OF DOWER.—The wife's right of dower being beyond the control of her husband, she is entitled to dower in lands by him devised, unless the party resisting her claim can show that the provisions made for her by her husband's will were, expressly or by necessary implication, intended to be in lieu of dower, and unless she has made the election, in such case put upon her by the will, to accept the provisions of the will.

2. IBID.—IBID.—There being in this will no express declaration that the provision for the widow was in lieu of dower, and no necessary implication of such an intention, she is entitled to dower in the lands devised. For the provision for the widow being very small, there being no devise to the beneficiaries as tenants in common, no scheme of distribution which would be defeated other than the diminution of the interests of the devisees, and there being a direction to sell the lands devised, the will and the claim for dower are not so manifestly repugnant that they cannot stand together.

3. IBID.—IBID.—AGREEMENT.—An agreement by the widow to accept the terms of the will and to abide by its provisions cannot affect her right to dower where the will does not put her to an election.

4. IBID.—IBID.—OTHER INSTRUMENTS.—A conveyance by testator, just before his death, of a tract of land to his step-child, the daughter of his widow, based in part upon a valuable consideration, cannot affect the question of the widow's right to take under the will and also dower in the lands of which testator died seised.

Before NORTON, J., Laurens, May, 1890.

These were two proceedings instituted in the Court of Probate

by Elizabeth J. Sumerel to recover dower, T. C. Sumerel and others being the defendants in the first case, and M. A. Sumerel the defendant in the other case.  To the statement of the cases as given in the opinion of this court, it may be added that the will of James Sumerel was dated October 26, 1887, and probated November 22, 1887, and the deed to Mrs. Sanders was executed November 3, 1887.

*Messrs. Ball & Ball*, for appellants.

*Mr. N. S. Harris*, contra.

March 13, 1891.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   These two cases, involving substantially the same facts and depending upon the same principles of law, were heard and will be considered together.   They were commenced originally in the Court of Probate, and the purpose in each case was to obtain dower for the petitioner out of a tract of land in possession of the defendants, respectively.

It appears that James Sumerel, who was the husband of the petitioner, after having duly made and executed his last will and testament, died, leaving no children, but leaving as his heirs at law, his widow, the petitioner, and several brothers and sisters. The testator provided as follows for his widow, in the third clause of his will: "I will, constitute, and appoint Thos. J. Weathers my lawful agent to come into my homestead, consisting of two hundred and ten acres, more or less, and take charge of the same and work it to the best advantage.   I further will and request that my beloved wife, Elizabeth J. Sumerel, remain at same homestead, and that the said Thomas J. Weathers board and clothe her as long as she may live, the said Thomas J. Weathers to pay all necessary expenses of my wife, including medicine, medical attention, and nursing, out of the proceeds of said farm. I further will and request that Thos. J. Weathers pay my beloved wife sixty dollars annually, as long as she may live, to have and dispose of as she may desire.   In the event of the death of Thomas J. Weathers prior to the death of my beloved wife, Elizabeth J. Sumerel, I make, constitute, and appoint her my lawful

agent to select such person or persons as tenants, as she may think best." By the fifth clause of the will this homestead tract of land, after the death of petitioner, was given to Thomas J. Weathers, Frances C. Weathers and children, in fee simple.

The testator left at his death two other tracts of land, one known as the Ben Jones place, and the other as the Cunningham place, and personal estate of the value of about five thousand dollars, all the real estate being valued at about the same amount. In the fourth clause of the will the testator directed that his brother, Wm. Sumerel, take charge of the remainder of his lands not embraced in the homestead tract, rent them out for twelve months, collect the rents, and, after paying expenses, divide the proceeds equally amongst T. J. Sumerel, T. C. Sumerel, Wm. Sumerel, M. A. Sumerel, and Emma O. Johnson, who seem to be testator's brothers and sister—the other sister, Mrs. Weathers, having been provided for as above stated. By the sixth clause of the will, T. C. Sumerel and Wm. Sumerel were directed to sell the lands other than the homestead; and by the seventh clause, the remainder of the property not otherwise disposed of was directed to be sold and the proceeds divided equally amongst T. J. Sumerel, T. C. Sumerel, Wm. Sumerel, M. A. Sumerel, and Emma O. Johnson.

Soon after the death of the testator the Ben Jones place and the Cunningham place were sold, the former having been bought by T. C. Sumerel, T. J. Sumerel, and Wm. Sumerel, and the latter by M. A. Sumerel; and it is out of these two tracts of land that the petitioner now claims dower. It seems also that the testator had also owned another tract of land, known as the Blakely tract, which, during his last illness, he conveyed to Mrs. Sanders, a child of the petitioner by a former marriage, by a deed which recites as the consideration, "natural affection and services rendered." It further appears that the petitioner had a separate estate, consisting of a tract of land, for the rent of which she claimed and received payment from the estate of her deceased husband, upon a final settlement of that estate. It seems also that shortly after the death of testator, all of his heirs at law executed a paper under seal whereby they approved, endorsed,

and accepted the provisions contained in the will, and bound themselves forever to abide by the same.

The judge of probate, by his decree, determined that the petitioner had accepted the provision made for her in the will of her deceased husband ; but as the same was not made expressly in lieu of dower, nor was there any manifest implication that such was the intention of the testator, such provision and her acceptance of the same did not bar her right of dower. He therefore rendered a decree allowing her claim of dower in both of the said cases. From this decree the defendants appealed to the Circuit Court, where the decree of the judge of probate was affirmed. The defendants now appeal from the judgment of the Circuit Court upon the several grounds set out in the record, which it is unnecessary to repeat here, as the only question presented is whether the petitioner, by accepting the provision made for her in the will, has barred her claim of dower.

The right of dower being an estate which vests in the wife immediately upon the death of the husband, over which he can exercise no control whatever, either by will or otherwise, it follows necessarily that no provision which he may make in his will can, *of itself*, defeat the claim of dower. Where, however, the husband has, either in express terms or by necessary implication, declared that the provision made for his wife is intended to be in lieu of her claim of dower, then a case of election is presented, and if the wife accepts the provision made for her in the will, her claim of dower is defeated, not by the act of her husband, but by her own act. In such a case she cannot take both, and therefore if she elects to accept the provisions of the will, she thereby renounces her claim of dower. But as the husband has no power to dispose of his wife's estate of dower, the presumption always is, that when he makes a devise of real estate, such devise is subject to the wife's right of dower, and hence the burden is upon those who seek to deprive her of such right to show that the terms of the will are such as necessarily imply that the intention was that she should not take both dower and the provision made for her in the will.

Inasmuch as it is manifest that the will now under consideration contains no express declaration that the provision therein

made for testator's wife was intended to be in lieu of dower, the inquiry is narrowed down to the question whether such intention must necessarily be inferred from .a consideration of all of the provisions of the will, read in the light of the circumstances surrounding the testator at the time. The test of this is said in *Hair* v. *Goldsmith* (22 S. C., 566), and approved in *Callaham* v. *Robinson* (30 *Id.*, 254), to be whether the provision in the will and the claim of dower are so manifestly repugnant that they cannot stand together. Testing this case by this rule, we see no repugnancy whatever. The allowance of the claim of dower will not prevent any of the devises contained in the will from taking effect. Indeed, the only possible effect it could have upon any of the devises would be to reduce their value, and that has never been held sufficient to warrant an inference that the intention was to exclude the right of dower. for that happens in every case where dower is allowed. See *Whilden* v. *Whilden*, Riley Ch., 208; *Braxton* v. *Freeman*, 6 Rich., 36–7. The intention to exclude the right of dower cannot be inferred from the fact that the devisees take as tenants in common, as in *Hair* v. *Goldsmith* (22 S. C., 566), for they do not so take under this will. Nor can it be inferred from the direction to sell the lands out of which dower is claimed. *Adsit* v. *Adsit*, 2 Johns. Ch., 448; *French* v. *Davies*, 2 Ves., jr., 572; *Gordon* v. *Stevens*, 2 Hill Ch., 46. Nor can it be inferred from the fact that it would disturb the scheme of equality, as in *Callaham* v. *Robinson* (30 S. C., 249), (which the majority of the court in that case found manifested in the will); for here the will shows no such scheme, except as to the distribution of the proceeds of the property directed to be sold, which, under the authorities above cited (*Gordon* v. *Stevens* and *Adsit* v. *Adsit*), must be regarded as a sale subject to claim of dower.

The fact that the widow, along with the other heirs, signed a paper agreeing to accept the terms of the will, and binding themselves to abide by its provisions, certainly cannot affect the question under consideration. If, as we have seen, the claim of dower is not inconsistent with or repugnant to the terms of the will, the assertion of such claim cannot be regarded as any violation of such agreement. Indeed, that agree-

ment simply bound the parties not to contest the will, but to abide by its terms, which, of course, meant as those terms should be properly construed ; and as the proper construction is not inconsistent with the claim of dower, the assertion of such claim is in no way inconsistent with the terms of the agreement.

We think also the conveyance of the tract of land to Mrs. Sanders, the daughter of the petitioner by a former marriage, cannot possibly affect the question of the widow's right to the dower.

4   The deed was, in part at least, based upon a valuable consideration—"services rendered"—and there is not a word in it which affords the slightest indication that it was prompted by a desire to afford compensation for the right of dower.   So that even if the deed had been purely voluntary, we do not see how it could be regarded as expressive of any intention on the part of the testator to exclude his wife's right of dower.

Indeed, we are unable to find anything whatever, either in the terms of the will or the surrounding circumstances, which would warrant, much less necessarily imply, that the provision made for the wife in the will was intended to be in lieu of her dower. The testator left no children, and the only objects of his bounty were his wife and his brothers and sisters, and yet he gives no property whatever, in kind, to his wife, who must naturally be assumed to be the principal object of his bounty, and the only provision made for her is in the nature of an annuity, which. notwithstanding the fact that she owned a small separate estate, certainly cannot be regarded as sufficient to require the inference that such provision was intended to be in lieu of dower.

The judgment of this court is, that the judgment of the Circuit Court, in each of the cases above stated, be affirmed.