## GAFFNEY v. JEFFERIES.

1. Dower—Partition.—Wife is not barred of dower by voluntary partition in kind among alienee of husband and other tenants in common.

2. Ibid.—In lands held by husband during coverture in common, by him sold, and by his grantee and other tenants in common voluntarily partitioned in kind, the wife is entitled to whole dower in part set off to husband's grantee in kind.

Before Klugh, J., Cherokee, October, 1900. Reversed.

Action in Common Pleas by Christina Gaffney against Samuel Jefferies, and thirty-five other actions of like kind by same plaintiff, each against different defendants, for dower in tract of land sold off in part in town lots by husband's alienee. The following is the Circuit decree:

"I hold that the plaintiff is entitled to dower; but as the husband's seizin was of an undivided interest in the whole 1,219 acres, and as the wife is dowerable only according to the husband's seizin, it must follow that the plaintiff's claim of dower attached to every portion of or particle of the land of which her husband was seized, of an undivided interest

proportionately to his interest. That is to say, she is entitled
to one-third of three undivided sixteenths, or to one-sixteenth
of every particle, or every acre, or whatsoever may be taken
as the unit of the entire 1,219 acres. It cannot be said that
she is entitled to have her entire claim of dower assigned to
her in the lands of which Samuel Jefferies is now seized, or
of which he became seized upon the partition, for that would
be to hold that she was dowerable according to the seizing of
Samuel Jefferies rather than according to the seizing of her
husband. Thomas E. Gaffney was never seized of other
than an undivided three-sixteenths interest in the land which
was afterwards set off to Samuel Jefferies in severalty. It
does not appear that Samuel Jefferies assumed the entire
burden of plaintiff's dower at the time of the partition; in the
absence of some stipulation to that effect, the Court has no
right to add such a provision to his contract of partition.
The conclusion is inevitable that plaintiff is entitled to but
one-sixteenth of the land which passed into the sole posses-
sion of Samuel Jefferies. It will be observed that at the par-
tition in 1873 or 1874, a tract of 95 acres was set off to Sam-
uel Jefferies in severalty, and a half interest in another tract
of 216 acres was also allotted to him, the other half being
allotted to J. G. Gaffney and W. G. Gaffney, who subse-
quently conveyed their half interest to Samuel Jefferies.
Plaintiff in bringing these suits took the view that she was
entitled to have the whole of her dower assigned to her on
the lands which were allotted to Samuel Jefferies upon said
partition, and, therefore, she demanded dower in the entire
tract of 95 acres, and in but one-half of the 216 acre tract.
In the view that I have taken, she is entitled to the same pro-
portion in each of said tracts; and inasmuch as it would but
delay plaintiff in the assertion of a part of her claim, and at
the same time result in vexing a part of the defendants with
additional suits for the enforcement of the rest of plaintiff's
claim against the lands in their possession, and all the parties
concerned being before the Court, the Court will afford com-
plete relief by adjudging and awarding to plaintiff the entire

amount of her dower which she is entitled to in the lands of these defendants, to wit: one-sixteenth thereof, as above ascertained.

"It is, therefore, adjudged, that plaintiff is entitled to one-sixteenth part for life in and of the premises described in the complaints in all the above stated cases as her dower therein; and that a writ in dower do issue out of this Court according to law, entitled in all the above stated cases, directed to one set of commissioners nominated and appointed according to law, requiring them, or a majority of them, to admeasure and set off to plaintiff her dower as herein determined in each of the premises described in each of the thirty-five complaints separately, requiring them to include all their assignments or assessments in one return, if practicable, but with the right to make as many returns, separate and distinct, as justice or the necessity of the several cases may require."

From this decree, both sides appeal.

*Messrs. Wallace & Otts,* for plaintiff, appellant, cite: *Actual partition does not defeat dower:* 36 S. C., 408; 13 Mass., 503. *Seizin is of interest in, and not of the land itself: Bradley* v. *Fuller,* 23 Pick. *Lien of mortgage or judgment against tenant in common is transferred to his share when set off:* 32 S. C., 443. *Order in partition need not be in alternative:* 57 S. C., 89.

*Messrs. Ansel, Cothran & Cothran,* and *J. C. Jefferies,* for defendants, appellants, cite: *Widow is barred of dower by partition among husband's grantee and tenants in common:* 36 S. C., 404; 13 Mass., 506. *If dower is not barred, claim of dower is limited to husband's seizin of entire tract before partition:* 36 S. C., 416; 3 Lev., 84; 69 Me., 546; 1 Dutch., 47.

March *23,* 1901. The opinion of the Court was delivered by

MR. JUSTICE JONES. The above entitled thirty-six actions
for dower, involving the same questions, were by consent
heard together by Judge Klugh. From the statements of
facts it appears: "That in February, 1873, Thomas E. Gaff-
ney, who was then married to plaintiff and remained in co-
verture with her until his death in 1899, was seized and pos-
sessed in fee simple of a three-sixteenths undivided interest
in 1,219 acres of land, known as the Michael Gaffney lands;
that in June, 1873, he sold and conveyed in fee simple to
Samuel Jefferies his said undivided interest in the said land,
the plaintiff not renouncing dower; thereafter the said tract
of land, containing 1,219 acres, was partitioned in kind
amongst the tenants in common, having been divided into
eight equal parts according to the number of shares, by com-
missioners chosen by the parties in interest. In this parti-
tion there was assigned to Samuel Jefferies a half interest or
share in lot No. 3, containing 216 acres, and one town lot,
and the full share or interest in lot No. 7, containing 95
acres, and certain town lots. Subsequently, Samuel Jeffer-
ies, in 1874, purchased the one-fourth interests of J. G. Gaff-
ney and W. G. Gaffney, respectively, in lot No. 3, and owns
the same in fee simple. The defendants in all the foregoing
cases take fee simple title through Samuel Jefferies, and it is
admitted in all the amended answers that the defendants are
in possession of the premises described in the complaints,
and all of the lands are part and parcel of the said lots No. 3
or No. 7, and that in such lots as are a part of lot No. 3,
plaintiff sues for dower in one-half interest; and in all lots
of No. 7 and its subdivisions, for dower in the whole inter-
est, or full dower therein. The two first entitled actions re-
late to subdivisions of lot No. 3, and the remaining thirty-
four relate to subdivisions of lot No. 7.

The defendants contended: (1) that the plaintiff is barred
of dower by the conventional partition in kind among the
alienees of her husband and the other tenants in common;
(2) that if dowerable, the widow is only dowerable accord-
ing to the husband's seizin, which was three-sixteenths of

the entire 1,219 acres. The decree of the Circuit Court overruled the first contention, and sustained the second, adjudging that the plaintiff was entitled to one-sixteenth for life in the entire 1,219 acres. See the decree officially reported herewith. Both sides appeal—the defendants from the ruling on the first proposition, and the plaintiff from the ruling on the second proposition.

1. We agree with the Circuit Court on the first question. The case of *Holley* v. *Glover,* 36 S. C., 404, reported, also, in 31 Am. St. Rep., 883, and in 17 L. R. A., 776 (wherein the point decided was that the wife of a tenant in common is not a necessary party to a suit in partition, notwithstanding her husband had made prior conveyance of his interest, and that her inchoate right of dower would be barred by *a sale* under partition proceedings to which she was not a party), is grounded upon the principle, that the inchoate right of dower is subject to the paramount right of the cotenants to partition. The case also recognizes that such partition may be made other than by compulsory proceedings in Court, in the following language by Chief Justice McIver, at page 415: "While the wife of one of several tenants in common has an inchoate right of dower in her husband's portion of the real estate held in common, yet such right is subordinate to a paramount right of the other tenants in common to have partition of the common *property in any of the modes by which such partition may be lawfully made.*" It is unquestionably lawful for parties *sui juris* to partition land by agreement in writing as in this case. One may lawfully do voluntarily what the law would compel him to do. It is not necessary now to limit this statement by remarking that a partition by agreement must not be in fraud of the right of dower, for in this case the demandant accepts the partition, and there is no suggestion of unfairness. The parties by their voluntary act have only done what the Court would have done. Under these circumstances, there does not seem to be any substantial distinction between a partition by agreement and a partition by suit in reference to this

question. Since a partition in kind in a judicial proceeding would not bar the wife of her dower, there is, then, no reason to suppose that a partition by agreement would. But it is said that while the husband, during his seizin, might enter into such a partition without barring the wife's inchoate right of dower, the husband's alienee could not. We fail to realize the force of this contention. The husband's alienee is privy to the husband, is in under the husband's seizin, and must have the husband's right of partition as cotenant. Speaking of the situation of an alienee of the husband prior to the partition, in *Holley* v. *Glover, supra,* the Court said: "It seems to us that the conveyance to Wise Holley placed him in the shoes of Alford Holley, invested him with the same seizin, subject to the same qualifications with which his grantor, Alford Holley, had previously been invested, and made him a tenant in common with the other joint owners of the land." While the wife of a cotenant would be barred of her inchoate right of dower by *a sale* under the paramount right of partition, it would not be barred by a partition in kind. In the former case, the sale is incident to the enforcement of a paramount right, and this paramount right protects the title of a purchaser at such sale against the subordinate right of dower, and leaves no seizin to which the dower may attach. In the latter case, after the paramount right is consummated by partition in kind, there is still left a seizin in the husband, or his privy, of the property subject to the inchoate right of dower.

2. This brings us to the next question, as to what land is subject to the right of dower in this case, and the extent of the right in the designated tracts or lots? In this matter we disagree with the Circuit Court, and hold that the plaintiff is entitled to dower in accordance with her contention, not in the entire tract of 1,219 acres, as if no partition had been made, but in the portions of said tract which were assigned to Samuel Jefferies, the alienee of the plaintiff's husband in the said partition; that is to say, as to lot No. 3, plaintiff is entitled to one-sixth for life of each sub-

division thereof, and as to lot No. 7, she is entitled to one-third for life of each subdivision thereof. The wife's right depends upon the seizin of the husband and must follow the husband's seizin. When the husband is a tenant in common, the seizin being of an undivided interest, the dower is of such undivided interest. When, however, there is a lawful partition in kind, as in this case, the husband's seizin of an undivided interest is converted or transmuted into a seizin of the specific portion assigned. This must result from the right of partition among cotenants, which necessarily compels a shifting or transmutation of the seizin of each in an undivided interest to a seizin in severalty by metes and bounds. Under this view, the interest in severalty assigned under partition to the other cotenants is free from the claim of dower, since they hold not by virtue of any right derived from the plaintiff's husband, but by virtue of the paramount right of partition, which designates their own seizin by metes and bounds. Whereas, on the other hand, Jefferies takes by partition only what he derives from the plaintiff's husband, and, of course, must take subject to the plaintiff's dower, Jefferies having received in the partition what represents the whole seizin of the plaintiff's husband, he and those claiming under him should hold subject to the *full* claim of plaintiff's dower.

The judgment of the Circuit Court is reversed, and the case is remanded for further proceedings, in conformity with the view herein announced.