7277

### SCOTT v. VAUGHN.

WILLS—DOWER.—Provisions of a will consisting of two sections, dividing testator's family into two groups, his property into two parts of nearly equal value, giving one part to one group and to the other group the other part, making ample provision for the widow, a third wife, and her only child, held not to show an intention on the part of the testator that the provision made for the wife should be in lieu of dower.

Before KLUGH, J., Union, January, 1909.   Reversed.

Seven actions by Elizabeth Scott against William Vaughn and other defendants. From judgments for defendants, plaintiff appeals.

*Messrs. Wallace & Barron,* for appellant, cite: *Previous gifts to the wife were not pertinent:* 8 Rich., 407; 11 Ency., 65, 3; 2 Hill Ch., 47; Spears Eq., 327; 22 S. C., 570; 30 S. C., 254; 43 S. C., 433; 2 Scrib. on Dow., 439, 440b. *Construction of will:* 59 S. C., 516; 2 Hill Ch., 46; Spears Eq., 322; 4 Rich. Eq., 135; 8 Rich., 407; 34 S. C., 85; 43 S. C., 428; 22 S. C., 571; 30 S.. C., 249; 37 S. C., 529; 4 Strob. Eq., 84; 2 Johns. Ch., 448; 2 Ves., Jr., 572.

*Messrs. Townsend & Townsend* and *J. Ashby Sawyer,* contra, cite: *This question depends on intention of testator:* 37 S. C., 529; 30 S. C., 249; 22 S. C., 566. *Acceptance of distributive share bars dower:* Code, 1902, 2386; 74 S. C., 543; 45 S. C., 51; 56 S. C., 173; 2 Rich. Eq., 281; 58 S. C., 125. *Construction of will:* 37 S. C., 529; 30 S. C., 249; 22 S. C., 566; 4 Strob. Eq., 84; Cheves Eq., 37; 34 S. C., 85; 80 S. C., 16; 59 S. C., 516; Cheves Eq., 37. *What constitutes an election:* Cheves Eq., 37; 58 S. C., 125; 44 S. C., 424; 45 S. C., 55; 18 S. C., 597; 57 S. C., 523; 37 S. C., 529.

August 12, 1909.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   These seven actions (which were heard together) were brought to have dower set off to the plaintiff in the lands of her deceased husband.

Ebenezer Franklin Vaughn departed this life on the 20th of January, 1904, leaving a last will and testament, which was dated the 2d of July, 1900, and duly admitted to probate.   He had been married three times.   Seven children were born of his first wife; none were born of his second wife, and one was born of his third wife, the plaintiff herein.

The question in the case is, whether the provision which the testator made in his will for his wife was intended to be in bar and lieu of dower, if accepted by her.

His Honor, the Circuit Judge, ruled that she was not entitled to dower, and dismissed the complaint in each of said cases.

The plaintiff appealed from his decree.

In his decree the Circuit Judge says: "In the first place, the testator was confronted with the fact that there were two divisions of his family.   The first consisted of his wife and their infant son.   The second consisted of the children born of his first wife.   He divides his will into two sections, and divides his property into two parts.   In one section he disposes of one part of his estate to one division of his family, and to the other division of his family he disposes of the other part of his estate in the other section of his will.   The separation is distinct and extends to the complete and final disposition of the two divisions, which he made of his property.

"Another striking feature of the will is the liberal provision made for the testator's widow and young son.

"While it is not possible to ascertain with mathematical exactness from the record before me what was the value of the two portions given by the testator to the two branches

of his family, nor whether they were dollar for dollar equal—which perhaps they were not—still the approximation to equality is close and substantial, and probably the testator so considered and intended it to be."

In brief, these grounds are: (1) The classification of the testator's family, so as to include in one group his widow and her son, and into the other the children born of his first wife; (2) The division of his will into two sections, the property in one of which was to go to his widow and her son, and in the other to the children born of his first wife; (3) The equality in the value of the property in the two sections of his will; (4) The ample provision for the widow and her son.

These grounds are untenable for the following reasons: The plaintiff was not a tenant in common with the other devisees. The fact that the lands described in the second paragraph of the will were ordered to be sold and the proceeds divided among the children therein named does not show an intention on the part of the testator that the provision made for the plaintiff should be in lieu of dower. The only equality which the testator seems to have had in mind was the equal division of the proceeds, arising from the sale of the lands described in the second section of the will among his children therein mentioned. The mere fact that ample provision was made for the plaintiff and her son can not be construed as manifesting an intention that it should be accepted in bar of dower. It can not reasonably be supposed it was the intention that in case of a second marriage the plaintiff would not only forfeit all rights in the lands devised to her, but also her dower. There is no scheme in the will inconsistent with the plaintiff's right of dower.

In the case of *Garrett* v. *Vaughn,* 59 S. C., 516, 522, 38 S. E., 216, the Court said: "The following general principles may be regarded as settled beyond dispute: 1. The presumption is that the provision made by the husband in

his will for his wife was not intended to be in bar and lieu of dower. 2. In order to have the effect of forcing the wife to elect, whether she will take dower or under the will, the intention of the testator must so appear, by the express terms of the will, or must arise by necessary implication in view of all the surrounding circumstances. 3. Where the only effect of allowing the claim of dower is to reduce the value of the devisees, the widow should not be put to her election, for that happens in every case where dower is allowed. 4. The test is whether the provision in the will and the claim of dower are so manifestly repugnant that they can not stand together."

The principles announced in the case of *Sumerel* v. *Sumerel*, 34 S. C., 85, 89, 12 S. E., 932, are conclusive of the question under consideration and are thus stated: "The test of this is said in *Hair* v. *Goldsmith* (22 S. C., 566), and approved in *Callahan* v. *Robinson* (50 Id., 254), to be whether the provision in the will and the claim of dower are so manifestly repugnant that they can not stand together. Testing the case by this rule, we see no repugnancy whatever. The allowance of the claim of dower will not prevent any of the devisees, contained in the will, from taking effect. Indeed, the only possible effect it could have upon any of the devisees would be to reduce their value, and that has never been held sufficient to warrant an inference that the intention was to exclude the right of dower, for that happens in every case where dower is allowed. See *Whilden* v. *Whilden,* Riley Ch., 208; *Braxton* v. *Freeman,* 6 Rich., 36, 37. The intention to exclude the right of dower can not be inferred from the fact that the devisees take as tenants in common, as in *Hair* v. *Goldsmith* (22 S. C., 566), for they do not so take under this will. Nor can it be inferred from the direction to sell the lands out of which dower is claimed. *Adsit* v. *Adsit,* 2 Johns. Ch., 448; *French* v. *Davies,* 2 Ves., Jr., 572; *Gordon* v. *Stevens,* 2 Hill Ch., 46. Nor can it be inferred from the

fact that it would disturb the scheme of equality, as in *Callahan* v. *Robinson* (30 S. C., 249, 9 S. E., 120, 3 L. R. A., 497n.), (which the majority of the Court in that case found manifested in the will), for here the will shows no such scheme, except as to the distribution of the proceeds of the property directed to be sold, which, under the authorities above cited (*Gordon* v. *Stevens* and *Adsit* v. *Adsit*), must be regarded as a sale, subject to claim of dower."

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the cases remanded for such further proceedings as may be necessary to carry into effect the conclusions herein announced.