Larrabee & Wife *against* Van Alstyne.

THIS was an action of *dower*. The claim of the demandant was resisted on the ground, that by the will of *Cornelius Van Alstyne*, the late husband of Mrs. *Larrabee*, she was barred of her dower. The testator, bequeathed to his wife certain specific articles of household furniture, and forty pounds in money, to be paid at the times therein mentioned, and then declares, " that this bequest and " devise, shall be understood in no other sense, than to " be in lieu and stead of every other claim and preten- " sion, my said wife can, or may have on my estate." Thirty-seven pounds had been paid to Mrs. *Larrabee*, but it did not appear with certainty on what account it was paid.

*A husband devised certain articles, and forty pounds in money to his wife " in lieu and stead of every other claim and pretension on his estate." It was held that this legacy or bequest, did not bar the wife's right to dower at law.*

This case was submitted to the court without argument.

SPENCER, J. The bequest to the wife, is not expressed to be in lieu or recompence of dower; and it is questionable, whether, if such were the expression, and if the collateral recompence had been paid, the heir could have defended himself at law. It is not necessary to decide that point; I consider it well settled that to bar this claim, the devise must expressly declare the thing given, to be in bar of dower.* Had the will gone so far, and if even the donation of a sum of money would furnish a defence, yet here the tenant fails on the ground, that the sum given has not been paid. The demandants must have judgment.

* 2 Ch. Ca. 24.
2. *Vernon*. 3ʊ5.
E. Cases Ab.
218—219.

THOMPSON, J. The first question that arises is, whether this is to be considered a bequest in lieu of dower? I am inclined to think it must; though the testator does not expressly say, that it is to be in lieu of dower, his meaning and intention cannot be misunderstood; he declares it to be in lieu of every other claim, and pretension to his estate. To ascertain the intention of the testator, is a cardinal rule in the construction of wills, and such inten-

tion when discovered, must be carried into effect, as far as is practicable; when it is manifestly the intention of the testator, that the devise or bequest to his wife, shall be in lieu of dower, she has her election, to take either the one or the other, but cannot have both.   Whether in the present case, Mrs. *Larrabee* did accept the legacy or not, under such circumstances, as to determine her election, may perhaps admit of doubt; but, admitting her to have made her election, I should not consider it a bar of dower *at law*.   It is I think, a well settled rule, that collateral satisfaction, is not pleadable at law, in bar of dower.   To render a provision to the wife by will, a *legal bar* of dower, it must consist of lands given or assured unto her for life; but a sum of money, or other chattel interest, given by will, in lieu of dower, will, if accepted by the wife, after her husbands' death, constitute an *equitable bar* of her dower; and this seems to be the distinction recognised in all the cases on the subject.   It is a rule of chancery, to give the widow her election to accept of the testamentary provision, or to refuse it, and betake herself to her dower at law; and even to allow her this election, after acceptance and enjoyment, for a considerable time, of the testamentary provision, if it appears that she acted, without full knowledge and understanding, of her true situation and rights, and of the consequence of her acceptance.   (*Coke. Lit.* 36, *b. and Hargrave's Notes,*—9. *Vin.* 249—1 *Equity Ca. Ab.* 218, 2. *Bac. Ab. Gwillim's Ed.* 383, and the numerous cases cited in the notes.)   My opinion therefore, is, that the plaintiffs are entitled to judgment.

KENT, C. J. was of the same opinion.

LIVINGSTON, J.   If the legacy had been accepted, and receipts given, in the manner directed by the will, a doubt would hardly be entertained of the widow's being barred of dower, notwithstanding certain *dicta*, that such an estate cannot be defeated by collateral recompence.   At present, it is certain, and it is strange that it should ever have

been doubted, if a widow accept of any matter under a will, be it land, money, or goods, in lieu of dower, that she is thereby barred; and in my opinion, this may be pleaded either at law or in equity. The only case, which seems to deny this position, is *Lawrence* and *Lawrence*, 2 *Vernon*. 365; the single point, however, there determined, and even that was reversed, was, that though a devise be not declared to be in bar of dower; yet, if it appear it was so intended, it shall have that effect. The chancellor adds, that " a collateral satisfaction may be a good bar in " equity, though not pleadable at law." This evidently means, that it belongs only to a court of equity, to say whether a devise be really made in bar of dower; but, if a widow accept it *as such*, and give a receipt or release, that court has no right, to prevent its being pleaded at law. A case of this kind is not to be found; why may not a widow release a right of dower, as well as any other right, and on what consideration she pleases? Whether she receives a cent or more, so that she be not imposed on, is nothing to the purpose. Such releases are every day executed, but I never supposed that their validity could be examined, and established only in a court of equity, any more than a bond or other instrument executed by a widow. There can be no risk, therefore, in saying, that if a woman acknowledge in writing, an acceptance of any valuable consideration whatever, in lieu of dower, she shall not afterwards be permitted, to sustain a suit for it here.

But the difficulty in this cause, arises from the tenant's having no evidence on *what account* his payments were made, or that they were in full; he ought to have satisfied the jury on these points, and not having done it, the verdict cannot be disturbed.

TOMPKINS, J. concurred.

Judgment for the demandant.