*NEW YORK, May, 1827.*

Jackson
v.
Churchill.

---

## JACKSON, *ex dem.* ANNA LOUCKS, *against* CHURCHILL.

EJECTMENT for dower, set off to the lessor of the plaintiff by proceedings before the surrogate; tried at the Herkimer circuit, September 13th, 1826, before WILLIAMS, C. Judge.

The defendant objected, that the lessor of the plaintiff should have demanded her dower of the defendant before suit. The objection was overruled.

The defendant then gave in evidence the will of the lessor's husband, in whose right she claimed; whereby *he bequeathed to her his dwelling house and part of his gardens, during her life or widowhood. Also 2 cows, 4

*Demand of dower is not necessary to warrant an action for it.*

*A devise or bequest to the widow, in lieu of dower, and which is accepted by her, is a good bar.*

*That a devise to the widow was intended to be in lieu of dower, may be inferred from the provisions of the will; as where it is inconsistent with the claim of dower. But the incongruity must be plain.*

*Accordingly, where the husband devised to his wife his dwelling house and part of his gardens durante viduitate, with certain of his personal property, &c.; and then devised his farm to his two sons, &c., and the wife accepted the provisions of the will; held, that this was no bar of dower.*

[*288]

sheep, a negro woman, and his household furniture. He then divided his farm, of 205 acres, and the residue of his personal property, between his two sons; one of them to keep his mother's stock, and the other to aid in her support, if she should request it.

The defendant then offered to show, that the lessors had accepted the provision in the will, and continued to enjoy it; and contended, that though it was not in terms declared to be in lieu of dower; yet that such was the manifest intention of the testator.

The judge overruled the testimony as immaterial; and the defendant excepted.

Verdict for the plaintiff.

*A. Loomis*, for the defendant, moved for a new trial.

*N. S. Benton*, contra, cited 6 John. 390; 17 id. 126; Cruis. Dig. Dower, ch. 5, ss. 21, 22.

*Curia, per* SAVAGE, Ch. J.   No demand of dower was necessary. (6 John. 295, 6.)   The location by the admeasurers, is conclusive in this action. (17 John. 126.)

Every married woman has an interest in the lands of her husband. Of this she cannot be divested but by her own act or consent. If the husband make a provision for his wife, by will, in lieu of dower, she has her election to take the testamentary provision, or to claim her legal provision. If she accept the provision in the will, she thereby relinquishes her dower. If the provision in the will is not expressed to be in lieu of dower, but is an ordinary legacy or devise, she is entitled both to her dower, and to the provision by the will. But if the claim of dower is inconsistent with the will, and repugnant to its provisions, then we may infer an intention in the testator, that the provision in the will should be in lieu of dower. In such cases, the widow must elect one or the other; but cannot have both: and if she enters upon the property given by the will, and enjoys it, she is thereby barred of her dower.

*This doctrine is no where contested; but there have been some apparent discrepancies in the English decisions, as to what constituted evidence of the intent of the testator. These cases are ably reviewed by the late chancellor Kent, in the case of *Adsit* v. *Adsit,* (2 John. Ch. Rep. 450.) In that case, a bill had been filed to stay proceedings at law. The husband had directed his estate to be sold, agreeably to a contract he had entered into in his lifetime; out of which he gave several legacies; and $500 to his wife, to be left in the hands of his executors, and paid to her as she might need it. She accepted the legacy; but this was held no bar to her dower.[1]

In the case of *Larrabee and wife* v. *Van Alstyne,* (1 John. Rep. 307,) the testator gave his wife certain articles and money; and declared " that this bequest and devise shall be understood in no other sense, than to be in lieu and stead of every other claim and pretension my said wife can or may have on my estate." This was considered, by the majority of the court, a good bar in equity, if proof had been made of the payment of the money. Two of the judges thought the legacy a bar at law; but the defendant failed in his proof of payment.

In the case of *Van Orden* v. *Van Orden,* (10 John. 30,) an annuity was given to the wife by the will; and it was

[1] *Matthews* v. *Matthews,* 1 Edw. 565; *M'Cartee* v. *Teller,* 2 Paige, 511; *Sanford* v. *McLean,* 3 Paige, 117; *Ball's devisees* v. *Ball's ex'rs.,* 3 Munf. 279; *Smiley* v. *Wright,* 2 Ham. 509; *Gordon's ad'mr.* v. *Stevens,* 2 Hill, 48; *Shotwell and wife* v. *Sedham's heirs,* 3 Ham. 5; *Gwyn and wife* v. *City of Cincinnati,* ib. 24; *Powell* v. *The Monson and Brimfield Man. Co.,* 3 Mason, 347; *Warfield* v. *Castleman,* 5 Munroe, 518; *Dougrey* v. *Topping,* 4 Paige, 94; *Noel* v. *Garnett,* 4 Call, 92; *Swaine* v. *Perine,* 5 Johns. Ch. Rep. 482, 491; *Jones* v. *Powell,* ib. 194, 198; *Watkins* v. *Watkins' heirs and adm'rs.,* 7 Yerger, 283; *Connell* v. *Connell,* 6 Ohio Rep. 353; *Stegal, et al.* v. *Stegal's adm'r.,* 2 Brockenbrough, 256; *Alsberry* v. *Hawkins,* 9 Dana, 177; *Gelzer* v. *Gelzer,* Bailey's Eq. Rep. 387; *Bullock* v. *Griffin,* 1 Strobhart's Eq. Rep. 60; *Thompson* v. *McGaw and others,* 1 Met. Rep. 66; *Stoney* v. *Bank of Charleston,* 1 Richardson's Eq. Rep. 275; *Robinson* v. *Bates,* 3 Met. Rep. 40; *Caston* v. *Caston,* 2 Richardson's Eq. Rep. 1; *Lund* v. *Woods,* 11 Met. Rep. 566; *Williams* v. *Cox,* 3 Edw. Ch. Rep. 178; *Delay* v. *Vinal,* 1 Met. Rep. 57; *Carmichael* v. *Carmichael,* 5 Hump. Tenn. Rep. 96; *O'Brien* v. *Elliot,* 3 Maine Rep. 125; *Moore* v. *Tisdale,* 5 B. Mon. Rep. 352; *Sandford* v. *Jackson et al.,* 10 Paige, 266; *Graham's executor* v. *Saun,* 7 B. Mon. Rep. 403.

added, " It is, nevertheless, to be understood, that the said annuity is in lieu of dower." This testamentary provision, it was said, would be a good plea in bar of her dower.

There are cases of a legacy expressly given in lieu of dower. The case of *Birmingham* v. *Kirwan*, (2 Sch. & Lef. 444,) is more like the present. The testator devised his property to trustees, to sell or mortgage all except his demesne of 170 acres, and gardens, which he directed to be occupied by his widow during her natural life, upon a small rent, and keeping them in repair. Out of the property sold or mortgaged, he directed an annuity to his wife of £200. The residue was appropriated to the payment of debts and legacies. The principal point was, whether the widow should be entitled both to dower and to the provision in the will. Lord Redesdale decided that *she was not precluded of dower in the lands not included in the devise in her own favor. He held it was not necessary to use express words of exclusion, in order to put the widow to her election. But that, as a person cannot accept and reject the same instrument, if from the whole, taken together, it was the manifest intention that the testamentary provision should be received in lieu of dower, and such provision had been accepted, it would bar the claim of dower. But the language of the will must not be ambiguous or doubtful. The chancellor held that the provisions of the will were not inconsistent with the right of dower in the lands directed to be sold.

[*290]

In this case, the widow is, by the will, provided with a house and garden, some furniture, a servant girl, and with some stock. One son is directed to keep the stock, and the other to assist his mother if she requests it; but no means are given her to compel compliance, if refused. There is, in this provision, nothing inconsistent with her claim of dower. The devise to the sons will be less valuable; but that constitutes no objection. There is no incongruity in enforcing the claim for dower, and the devise The two may stand well together; and it may fairly be inferred, that the testator intended the devise as additional

to his wife's claim for dower. The same rule prevails in Pennsylvania. (1 Dal. 418; 1 Yeates, 424.)

New trial denied.