Corriell v. Ham.

---

## CORRIELL v. HAM.

Where there is no express declaration in a will, barring the wife of dower, the the intention to so bar her, must be deduced by clear and manifest implication from the instrument, founded on the fact that the claim of dower would be inconsistent with the will, or so repugnant to its dispositions, as to disturb and defeat them.

The claim for dower, to be inconsistent with the will, must defeat, or interrupt, or disappoint some of its provisions.

Where a husband devised to his wife, during her natural life, and so long as she remained unmarried, &c., all his real and personal property; and where the wife, subsequently to the death of her husband, claimed her dower in certain real estate of her husband, sold on execution against him, previous to his death, to which she had not released her dower;

*Held*, 1. That the claim for dower, so far from disappointing or interfering with the will, harmonized with it, and went to the same end.

2. That even if the wife had claimed the property under the will, she could not be bound by its provisions, if there was no title in her husband.

3. That if the title in the husband failed, the wife was remitted to her right of dower.

Section 1407 of the Code, has no application to such a case.

In November, 1842, W. W. C. was seized in fee simple absolute of certain real estate, which was sold on execution against him, and purchased by defendant, who received a sheriff's deed therefor, on the 24th day of August, 1844. On November 26, 1844, W. W. C. executed to A. C. a general power of attorney to sell lots and make conveyances, which was recorded April 12, 1843, on the back of which was the following, signed and sealed, by the wife of the said W. W. C.: "Know all men by these presents, that I, C. C., wife of W. W. C., the grantor in the within power of attorney, for the purpose of enabling A. C. more fully to carry into effect the authority therein to him granted, do hereby remise, release, and quit claim, unto any person or persons, their heirs and assigns, to whom the said attorney so constituted, shall convey the land and premises in the said letter of attorney mentioned, all my right, title, interest, claim, and demand, to said land," which bears date, November 26, 1842, and the certificate of acknowledgment to which, is as follows: "On the 26th day of November, 1842, before me, G. L. N., a justice of the peace in and for said county, came C. C., wife of W. W. C., and on examination, separate and apart from her husband, acknowledged that she executed the above instrument freely and voluntarily, without threat or compulsion of her said husband." No conveyance was made under the power of attorney. On the 13th of October, 1845, W. W. C. conveyed the premises, by deed of general warranty, to A. C., in which deed the said wife did not join, and which was recorded November 13, 1845. On the 2d of February, 1846, A. C. mortgaged said premises to E. C., which was filed for record, April 8, 1856; and on the 8th of April, 1846, said A. C. conveyed to E. C. the equity of redemption in said premises, which was recorded June 1, 1846. On September 26, 1845, A. C. conveyed said premises, by general warranty, but to whom is not stated, which conveyance was filed for record December 6, 1851; and on September 20, 1848, E. C. conveyed all of said premises to C. C., the wife, which deed was filed for record, October 23, 1851. W. W. C. died April 28, 1854.

*Held*, 1. That as A. C. did not make any conveyance under the letter of attorney, and none till after W. W. C. conveyed to A. C., in which deed the wife did not join, and as the deed from A. C. to E. C. was made in his own right, there was no release of the wife's interest in the premises.

2. That the deed from E. C. to the wife, conveyed no title, for the reason that W. W. C. had no title when he conveyed to A. C. who subsequently conveyed to E. C.

3. That the defendant, by his purchase under the execution, took the title of W. W. C.

## Appeal from the Dubuque District Court.

THIS is an action to recover dower in lots number 275,

352, 379, and 346, in the city of Dubuque, which dower the plaintiff claims as the widow of William W. Corriell. The defendant denies the plaintiff's right to dower in the prem‐ises:

*First.* Because the lots were sold under executions issued upon a judgment recovered against her husband, and were purchased by the defendant, and duly conveyed by the sheriff, and never redeemed.

*Second.* Because, by her release, in writing, to one Au‐gustus Corriell, duly recorded, she expressly relinquished such right of dower to any person to whom said Augustus should convey, and he did thereafter convey to one Edwin Corriell.

*Third.* Because the said W. W. Corriell, by his last will and testament, made provision for the plaintiff, in lieu of dower, the benefit of which provision she claims, and has received, since his decease, and is still receiving; and that the provisions of said will, which she is enjoying, and hav‐ing the full benefit of, are inconsistent with a dower right, and plainly show an intention that the same shall be in lieu of dower.

This is an agreed case, and the above matters of defence are set forth, in the language of counsel substantially, and stand for formal pleadings. It is agreed that the said Wil‐liam W. and Charlotte were married, prior to November, A. D. 1842, and continued to be husband and wife until his death, on 28th April, 1854; that she has remained unmar‐ried since his death, to this time; that in November, 1842, the said W. W. Corriell was seized, in fee simple absolute, of lots number 275, 352, 379, 746, and 320, in the then town, now city, of Dubuque, Iowa; that the above lots were afterwards sold to the said Mathias Ham, under an execu‐tion issued on a judgment rendered against the said Corriell, in the District Court of Iowa, sitting in Dubuque county, at the November term, 1842; that the sheriff of said county executed to said Ham, a deed therefor, on the 24th August, 1844, which was duly recorded; that the said W. W. Cor‐riell, on the 26th of November, 1842, made and acknowl‐

edged a power of attorney to Augustus Corriell, which was a general power to sell lots, and make conveyances, &c., and was filed for record on the 12th of April, 1843. On the back of which said power, is the following: "Know all men by these presents, that I, Charlotte Corriell, wife of William W. Corriell, the grantor in the within power of attorney mentioned, for the purpose of enabling Augustus Corriell more fully to carry into effect the authority therein to him granted, do hereby remise, release, and quit claim, unto any person, or persons, their heirs and assigns, to whom the said attorney, so constituted, shall convey the lands and premises in the said letter of attorney mentioned, all my right, title, interest, claim, and demand to said land. In testimony whereof, I have hereunto set my hand and seal, this 26th day of November, A. D. 1842," which is signed and sealed, and witnessed, and acknowledged in the following form: "On the 26th day of November, A. D. 1842, before me, George L. Nightengale, a justice of the peace in and for said county, came Charlotte Corriell, wife of William W. Corriell, and on examination, separate and apart from her husband, acknowledged that she executed the above instrument, freely and voluntarily, without threat or compulsion of her said husband;" that on the 13th of October, 1845, W. W. Corriell conveyed all of said lots to Augustus Corriell, by deed of general warranty, in which the said Charlotte did not join; that this deed was filed for record November 13th, 1845; that on the 2d of February, 1846, the said Augustus mortgaged all said lots to Edwin Corriell, which mortgage was filed for record April 8th, 1846, and on the 8th of April, 1846, said Augustus conveyed to said Edwin, the equity of redemption in the same lots, which conveyance was filed for record on the 1st of June, 1846; that on the 26th of September, 1845, said Augustus conveyed, by general warranty, said lots Nos. 275, 379, and 320, which conveyance was filed for record on the 6th of December, 1851; and that on the 20th of September, 1848, Edwin Corriell, conveyed by deed of general warranty, to the said Charlotte, all of said lots, which deed was filed for record on the 23d of October, 1851.

The will of William W. Corriell, is among the agreed facts. It is very brief, consisting of but twenty-four lines, all told; and the whole of it relating to the disposition of his property, is in these words: "I give and bequeath unto my beloved wife, Charlotte, during her natural life, and so long as she remains unmarried, all my property, real and personal, and desire that she use the same for the maintenance of herself and our children, and for the education of our children. In the event of my wife, Charlotte, marrying again, then I restrict her interest and share in my property, both personal and real, to her legal right of dower." This was made the 27th April, 1854, and is admitted to have been proved. In the District Court, judgment was rendered in favor of defendant, and the plaintiff appeals.

*Smith, McKinlay & Poor,* for the appellant.

*Burt & Barker,* for the appellee.

WOODWARD, J.—The objection, which rested upon the supposed release by the widow, seems to be abandoned in the argument, since in that the two other points only are pressed. But lest there should be any misconception, and as one or two other causes are made to depend upon this one, the point may be disposed of. To this objection to her claim, it is answered, on the other side, that the certificate of acknowledgment is insufficient, inasmuch as the justice does not certify to a personal knowledge of her, nor to her identity being proved, nor that the contents were made known to her. Viewed as a release, it admits of a serious doubt, whether it is valid, for the want of a releasee or grantee. Perhaps the only light in which it could be made available, would be to regard it (if possible) as a power to execute the deed for the wife, and relinquish her dower. But the view of this paper, which absorbs the others, is, that Augustus Corriell did make any conveyance under this power. He made none till after William had conveyed to him; and then he made that to Edwin, in his own right, and

not by virtue of the power.   So stands the case, and Char-
lotte, the plaintiff, did not execute that deed from her hus-
band to Augustus, so that there is no release of her in-
terest.

Another point made by the defendant is, that the plain-
tiff holds the fee simple title by the conveyance from Edwin,
and that this merges the claim for dower, and that, there-
fore, the claim for the latter is inconsistent.   The error in
this point is, in assuming that she has a title through Edwin,
and the defendant is guilty of the inconsistency of setting
up against her, a title which, he says, has no validity against
him.   He would estop her, because she took a title from
Edwin.   He says, she cannot deny the validity of that title.
Undoubtedly, her dower would be merged, if she had the
fee simple; and, in that case, she would have no need to
claim dower, and she would not be here asking it.   But the
fact is, that she took no title from Edwin, for he had none,
William having none when he conveyed to Augustus.   The
defendant's purchase, under the judgment, took it away.
And we should be very reluctant to decide that, because
she undertook to obtain, and thought she was obtaining, a
title from Edwin, she is estopped from saying it is no title;
or, in other words, that she cannot claim her dower, when
that proves to be invalid, and no title.   As the law of dower
then stood, the widow was not to be cut off but by her own
voluntary act, and certainly, her supposition that she was
obtaining the fee, is not to be construed as a relinquishment
of dower, when she fails of the fee.

The other objection made by the defendant to the plain-
tiff's recovery, rests upon the provisions made for the widow,
by the will of her husband.   He states the general princi-
ple to be, that dower is barred by a testamentary devise ac-
cepted.   He states the rule in the following terms : " In de-
ciding the question, whether a devise bars dower or not, in
any particular case, courts will examine, first, to see if the
will directly expresses such to be the intent of the devisor
in making the devise; and secondly, if there is no declara-
tion of such intent, whether such intent can be fairly in-

ferred to have existed, from the inconsistency of supporting both estates." This, although not quite accurate, will do for this case. Chancellor KENT (4 Comm. 58, 3d ed.), says, that, when there is no express declaration, the intention must be deduced, by clear and manifest implication, from the will, founded on the fact that the claim of dower would be inconsistent with the will, or so repugnant to its dispositions, as to disturb and defeat them. This seems to be the result of the cases; and he cites the following authorities : *French* v. *Davies*, 2 Ves. 572 ; *Strahan* v. *Sutton*, 3 Ib. 249 ; *Kennedy* v. *Nedrow*, 1 Dal. 415 ; *Adsit* v. *Adsit*, 2 Johns. C. 448 ; *Jackson* v. *Churchill*, 7 Cow. 287 ; *Pickett* v. *Peary*, 2 Const. 746 ; *Evans* v. *Webb*, 1 Yeates, 424 ; *Perkins* v. *Little*, 1 Greenl. 150 ; *Dickson* v. *Robinson*, 1 Jacob, 503. To which may be added, *Cauffman* v. *Cauffman*, 17 S. & R. 16 ; *Duncan* v. *Duncan*, 2 Yeates, 305 ; *Reed* v. *Dickerman*, 12 Pick. 151 ; *Hamilton* v. *Buckwalter*, 2 Yeates, 389 ; *Church* v. *Ball*, 2 Denio, 430 ; *Beardsley* v. *Beardsley*, 5 Barb. 324 ; *Willis* v. *Watson*, 4 Scam. 65. This inconsistency means an incompatibility. The claim of dower must defeat, or interrupt, or disappoint, some provision of the will.

But so far is the claim in this cause, from disappointing or interfering with the will, that it perfectly harmonizes with it; it goes to the same end. The will intends to give her all the estate ; and if there be anything which the testator cannot give her by his will, but which she is entitled to as dower, there is certainly no inconsistency with the will, in her claiming it. Nor is there any inconsistency with the condition, that she remains a widow, and that if she does not, she shall be restricted to her dower interest. That condition not complied with, would leave her even more free, if possible, to claim for dower. Ham does not take under the will, but, in effect, against it, and he is not disturbed by her taking under it. There would be an inconsistency in claiming the same property, both by the will and by dower right. But she does not claim the interest in these lots, by virtue of the will. By the devise, the husband gives her all he has remaining. She then comes and claims her dower

right in some other property, which had formerly been taken from him by judicial sale, her right in which she had not released. There is no inconsistency in this—no conflict.

The agreed facts do not show, that the widow holds any other property than the interest in the lots which were sold under execution. The case is left blind on this matter. But the argument of plaintiff assumes or admits, that she does, and we have considered it under that supposition. The provision of section 1407 of the Code has no application.

Finally, even if the plaintiff had claimed this property under the will, it is presumed that she could not be barred by its provisions, when the result shows that there is no title in her husband. The whole doctrine, upon which the defendant bases himself, in relation to the will, assumes that there is a title in the testator. But if this fails, she is remitted to her right of dower. 2 Bouv. Inst. 248; *Kidney* v. *Coussnaked*, 12 Ves. 143; *Larrabee et ux.* v. *Vanalstyne*, 1 Johns. 307, cited in 7 Cow. 289, and the cases before cited.

The judgment of the District Court is reversed, and a writ of *procedendo* is awarded.