PETITION OF SARAH J. DURFEE, MARY L. GREENE, SUSAN H. GREENE, AND ALMIRA DURFEE, for an Opinion of the Court.

Devise as follows:

"I give to my wife S., my mother B., and my aunts C. and D., or the survivor or survivors of them at my decease, jointly, share and share alike, my estate on Dyer Street, in the city of Providence, being the property I bought of E. and F., trustees of G., deed bearing date the nineteenth day of June, 1874, the income from said estate to be equally divided between said aforesaid parties. And if at the decease of any one of said named parties my sister H. shall be living, or she shall have left any heirs through marriage, then she or they shall become possessed of said deceased's interest in said estate. And at the decease of one another, the survivors of them shall become possessed jointly of said property."

*Held,* in view of the devise equally to the wife, mother, and aunts, and in view of the description given of the estate devised, that the wife must elect between her dower and the estate given her by this devise.

A deed contained the following clause:

"I, the said grantor, for and in consideration of the sum of one thousand dollars, in hand before the ensealing hereof well and truly paid by A., of the city and county of Providence, *subject to the life estate of B. and C.,* both *of Warwick, county of Kent, and D.,* of *the city and county of Providence, who, jointly, or the survivors of them, shall be entitled to their fourths of the annual income of said estate, the other fourth of said income to be expended on said estate in betterments,* the receipt whereof I do hereby acknowledge, and am therewith fully satisfied, contented, and paid; and thereof and of every part and parcel thereof do exonerate, acquit, and discharge the said A., B., C., and D., their heirs, executors, and administrators, forever."

*Held,* that the words in italics neither qualified the estate conveyed nor in any way affected the construction of the deed.

The estate conveyed to A. by this deed was by him devised as follows:

"I give to my mother B., and to my aunts C. and D., jointly, all my interest in the estate on Broad Street, in the city of Providence, where I now reside, to them, their heirs, and assigns forever."

*Held,* that the testator's widow was dowable of this estate.

A widow is not to be put to her election unless the testator's intent so to put her is clearly shown.

CASE STATED for the opinion of the court under Pub. Stat. R. I. cap. 192, § 23, as to the dower right of Sarah J. Durfee under the following will:

"Know all men by these presents that I, Wanton Durfee, merchant, of the city and county of Providence and State of Rhode Island, being of sound disposing mind and memory, do hereby make and publish this as and for my last will and testament.

"*First.* I give and bequeath to my wife in trust for the support of my daughter Martha (and in case of her decease any and all amounts of said bequest shall go to my wife if she shall survive at that time), and if at the decease of my daughter my wife shall then be dead, any and all amounts left from this bequest shall go to my mother, and if she be dead to my sister, and if she be dead to my two aunts, jointly, Mary L. and Susan H. Greene, if they shall be both living, or to the survivor of them if one be dead, the following described property, after paying to Ithiel I. Davis, of Providence, three thousand dollars and interest thereon, to George J. Hampson and Daniel Everett Rounds, my partners, four thousand dollars each and interest thereon, to wit, namely: All my interest in the coffee and spice business at 69 Canal Street, being one third of the whole of the property of the firm of Durfee, Hampson & Rounds, and also all amounts due me at my decease from the claim I hold against Hoyt, Sprague & Co., of New York, and the Atlantic Delaine Co., of Providence, R. I.

"*Second.* To my mother Almira Durfee I give two mortgage notes I hold against Thomas G. Haszard and wife on their estate opposite Park Street, in the city of Providence, and all notes or balances of interest due from said Haszard on account of said mortgages, she paying from the proceeds of said mortgages what I may owe to Sanford Durfee, of the city of Providence.

"*Thirdly.* I give to my wife Sarah J. Durfee, my mother Almira Durfee, and my aunts Mary L. and Susan H. Greene, or the survivor or survivors of them at my decease, jointly, share and share alike, my estate on Dyer Street, in the city of Providence, being the property I bought of Eli Aylesworth and George H. Browne, trustees of William Butler, deed bearing date the nineteenth day of June, 1874, the income from said estate to be equally divided between said aforesaid parties. And if at the decease of any one of said named parties my sister Sarah Durfee shall be living, or she shall have left any heirs through marriage, then she or they shall become possessed of said deceased's interest

in said estate. And at the decease of one another, the survivors of them shall become possessed jointly of said property.

"*Fourthly.* I give to my mother Almira Durfee, and to my aunts Mary L. and Susan H. Greene, jointly, all my interest in the estate on Broad Street, in the city of Providence, where I now reside, to them, their heirs, and assigns forever.

"*Fifthly.* I give to my mother Almira Durfee any and all mortgage notes I hold against Josiah A. Whitman, and also all interest due thereon, and from the proceeds of said mortgages and interest she shall pay to Hutchinson C. Gardner what I may owe him, and the balance she shall apply to the payment, *pro rata*, if not sufficient to liquidate in full, any and all balances I may owe to herself and Mary L. and Susan H. Greene and Sarah Durfee, and balance, if any, after paying said parties in full, to go to her, her heirs, and assigns forever.

"*Sixthly.* I give to my sister Sarah Durfee any and all the capital stock and accrued dividends on same in the Roger Williams Insurance Company, in the city of Providence; also any and all the capital stock and accrued profits on same in the Union Railroad Company, of Providence. Also I give to her any and all my right, title, and interest which I now hold and am possessed of, or any right, title, or interest I might yet be possessed of, in and to all real estate, and any and all personal property of any and every kind, through the will of the late Charles Wells Greene, of Warwick, county of Kent, and State of Rhode Island, to her, her heirs, and assigns forever.

"*Seventhly.* I appoint my mother Almira Durfee my executor to execute this my last will and testament, and request that she be not required to give bonds, and I make her also my residuary legatee.

"Signed, sealed, published, and declared by the said Wanton Durfee, as and for his last will and testament, in presence of us, who, at his request, and in his presence, and in the presence of each other, have subscribed our names as witnesses thereto.

"Providence, March 1, 1875.   WANTON DURFEE.   [L. S.]
"Witnesses:   D. EVERETT ROUNDS.   [L. S.]
JEROME GILMORE.   [L. S.]
GEORGE J. HAMPSON.   [L. S.]"

*December* 16, 1882.   DURFEE, C. J.   The case stated in the petition presents two questions.   The first involves the construction of the following clause in the will of the late Wanton Durfee, to wit:

" Thirdly.   I give to my wife Sarah J. Durfee, my mother Almira Durfee, and my aunts Mary L. and Susan H. Greene, or the survivor or survivors of them at my decease, jointly, share and share alike, my estate on Dyer Street, in the city of Providence, being the property I bought of Eli Aylesworth and George H. Browne, trustees of William Butler, deed bearing date the nineteenth day of June, 1874, the income from said estate to be equally divided between said aforesaid parties.   And if at the decease of any one of said named parties my sister Sarah Durfee shall be living, or she shall have left any heirs through marriage, then she or they shall become possessed of said deceased's interest in said estate.   And at the decease of one another, the survivors of them shall become possessed jointly of said property."

The question which is presented for our opinion under this section is whether Sarah J. Durfee, the widow of the testator, is entitled to dower in the property therein mentioned in addition to the interest therein devised to her, or whether the interest is to be construed as given in lieu of dower.   The interest is not to be construed as given in lieu of dower, if the widow can take both the interest and her dower consistently with the will.   If she cannot take both consistently with the will, then the interest or provision must be construed to be in lieu of dower, and she will be put to her election.

It seems to us very clear that what the testator gives his wife, his mother, and his aunts is the entire estate, and not simply the estate subject to dower.   The language is, " My estate on Dyer Street, in the city of Providence, *being the property I bought* of Eli Aylesworth and George H. Browne."   The property which he bought was not subject to dower, but became subject to it by operation of law after the purchase was consummated.   All the other words of the third clause comport with this view and do not, without straining the construction, comport with any other view, the manifest purpose of the testator, as evinced by the gen-

eral frame of the clause, being that each one of the devisees during her life, his wife included, should enjoy an equal portion of the estate which he purchased of Aylesworth and Browne. If this be so the widow is put to her election, because the four devisees cannot each take an equal share of the property bought of Aylesworth and Browne, unless the dower is excluded. The case of *Chalmers* v. *Storil*, 2 Ves. & Bea. 222, is in point. There the testator gave to his wife and his two children, a daughter and a son, "all my estates whatsoever, to be equally divided amongst them, whether real or personal," his daughter to have an equal share with the son of all his property, after paying certain legacies. The reporter adds that the testator then specified the property bequeathed by him as consisting of freehold ground rents, money on mortgage, American Bank stock, and estates in America, &c., and proceeded to direct that in case of his wife's death the portion or part bequeathed to her should descend to his two children equally. Sir William Grant held that dower was excluded. " The testator," he said, " directing all his real and personal estate to be equally divided, &c., the same equality is intended to take place in the division of the real as of the personal estate ; which cannot be if the widow first takes out of it her dower and then a third of the remaining two thirds." Then he adds, showing by what he adds that the case is imperfectly reported : " Further, by describing his English estates he excludes the ambiguity which Lord Thurlow in *Foster* v. *Cook*, 3 Bro. C. C. 347, imputes to the words ' my estate ' as not necessarily *extending* to the wife's dower. Here the testator says the property thus bequeathed by him consists of these particulars. It is therefore the property itself thus described that is the subject of the devise; and not what might, in contemplation of law, be the testator's interest in that property. This is therefore a case of election." If we understand the decision aright it rests upon two grounds : namely, *first*, that it was intended that the devisees, the wife being one of them, should take equally, an intent which would be disappointed if the dower were not excluded; and *second*, that the estates given being described, it was to be inferred that the lands themselves as described were intended to be given, and not merely the testator's interest in them. The case at bar resembles *Chalmers* v.

*Storil* in both respects, and in the matter of the description is much the clearer. The case of *Chalmers* v. *Storil* is severely criticised by Mr. Jarman in his work on Wills. The point of his criticism, however, is that the language, " my estate," or " all my estates whatever," does not necessarily import an intent in the testator to give more than his own interest, and that therefore an intent to exclude the dower is not logically inferable from the fact that the gift is to the wife equally with other persons. The argument is certainly cogent ; but Mr. Jarman admits that if " an intention to give an immediate interest in the entire *corpus* of the land can be perceived, the intended equality would be destroyed by letting in the dower," and in the case at bar we think an intention to give " the entire *corpus* of the land " is clearly inferable from the descriptive words of the devise. And see *Ellis* v. *Lewis*, 3 Hare, 310, 314 ; *Bending* v. *Bending*, 3 Kay & J. 257, 261. In *Dickson* v. *Robinson*, Jacob, 503, and in *Roberts* v. *Smith*, 1 Sim. & Stu. 513, the dower was held to be excluded for the much less satisfactory reason alone that the intended equality would be disappointed if it were not excluded. See, also, *Bailey* v. *Boyce*, 4 Strob. Eq. 84, and 1 Bishop on Married Women, §§ 377, 436, and notes. If there were nothing in the case at bar but the devise equally to the wife, the mother, and the aunts, on which to find the dower excluded, we might hesitate, though regarding this particular case even on that ground, the language is very significant. We consider the case, however, not only on that ground, but also and more especially in view of the descriptive words used, and so considering it, we decide that the widow cannot have both her dower in the estate on Dyer Street and the interest in it which is devised to her by the will.

The second question involves a construction of the will, particularly of the fourth clause thereof, and of the deed under which the property devised by said fourth clause came to the testator, the question being whether the widow is dowable of the estate conveyed by said deed, and if so, whether she is put to her election by the will. The deed was executed with full covenants of title and warranty by Eli Aylesworth, April 28, 1873. It conveys a lot of land on Broad Street, in the city of Providence, clearly described, to Wanton Durfee, the said testator, and to Mary L.

Greene, Almira Durfee, and Susan H. Greene, their heirs and assigns forever. We think it is clear that the testator took under it an undivided fourth of the estate conveyed, which was an estate in fee simple if the grantor had, as he covenants that he had, such an estate to convey. It follows, of course, if the grantor had the estate, that the widow is dowable of said fourth. The deed contains a peculiar feature which raises the question here presented. The peculiarity occurs in connection with words stating and acknowledging the payment of the consideration. The language of the acknowledgment is as follows, to wit : " I, the said grantor, for and in consideration of the sum of one thousand dollars, in hand before the ensealing hereof, well and truly paid by Wanton Durfee, of the city and county of Providence, *subject to the life estate of Mary L. Greene and Almira Durfee, both of Warwick, county of Kent, and Susan H. Greene, of the city and county of Providence, who jointly, or the survivors of them, shall be entitled to their fourths of the annual income of said estate, the other fourth of said income to be expended on said estate in betterments,* the receipt whereof I do hereby acknowledge and am therewith fully satisfied, contented, and paid; and thereof and of every part and parcel thereof do exonerate, acquit, and discharge the said Wanton Durfee, Mary L. Greene, Almira Durfee, and Susan H. Greene, their heirs, executors, and administrators forever." The words in italics seem *to have been* designed either *to* qualify the estate conveyed by the succeeding words, or else to recognize or refer to some qualification otherwise existing, or made or to be made by some other instrument. We think it is clear that they cannot qualify the estate conveyed because they are ineffectual in themselves to create, and indeed do not purport to create, any estate, and because the succeeding words being the operative words of the deed, make no reference to them, but convey the estate described absolutely and immediately to all the grantees in fee simple. The italicized words, in fact, do not affect in any way the construction of the deed. If they are of any use in the deed, they are of use only as notice to put people on inquiry, in case the estate is qualified by some other instrument or by equitable intendment, or as evidence of some purpose still unaccomplished.

It only remains to determine whether there is anything in the

will to exclude the widow from her dower in the testator's fourth of said estate, if she elects to take under the will. The fourth clause of the will is as follows, to wit: " I give to my mother Almira Durfee, and to my aunts Mary L. and Susan H. Greene, jointly, all my interest in the estate on Broad Street, in the city of Providence, where I now reside, to them, their heirs, and assigns forever." It may be that the testator intended by this clause to devise his fourth of the Broad Street estate free of dower; but if so, he has not clearly demonstrated the intent, and the widow is not to be put to her election, unless the intent is clearly demonstrated. The widow, it will be noted, is not one of the devisees under the fourth clause. The clause devises only the testator's interest in the Broad Street estate, and *his* interest does not include *her* interest or right of dower. The third clause, above recited, relates solely to the Dyer Street estate, and only excludes her, in case she elects to take under it, from her dower in that estate. It does not affect her right of dower in the Broad Street estate. 2 Jarman on Wills, 5th Amer. ed. 22 *et sq.;* *Foster* v. *Cook,* 3 Bro. C. C. 347; *Lawrence* v. *Lawrence,* 2 Vern. 365; *French* v. *Davies,* 2 Ves. Jun. 573, 576; *Dummer* v. *Pitcher,* 2 Myl. & K. 262, 274; *Jackson* v. *Churchill,* 7 Cow. 287; *Birmingham* v. *Kirwan,* 2 Sch. & Lef. 444; *Greatorex* v. *Cary,* 6 Ves. Jun. 615; *Adsit* v. *Adsit,* 2 Johns. Ch. 448; 2 Redfield on Wills, 2d ed. 353, 354, and cases there cited.

Our conclusion therefore is that, in regard to the Dyer Street estate, the widow is put to her election; and that, in regard to the Broad Street estate, there is nothing either in the will or the deed referred to in the petition to exclude her right of dower or to put her to any election.

*James M. Ripley & John D. Thurston,* for Sarah J. Durfee.

*Benjamin N. Lapham,* for the other petitioners.