### FRANCIS G. ANTHONY, EXECUTOR, *vs.* PHŒBE T. ANTHONY AND OTHERS.

New Haven Co., June T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

A testator gave his widow for life about two thirds of the income of his personal property and the use of nearly half his real estate, but with no provision that it should be in lieu of dower. Held to exclude dower.

The will gave the widow "an income in cash of twelve hundred dollars a year." Held to be payable annually, and not in parts from time to time during the year at the discretion of the executor.

The will gave a certain sum to be divided equally among the heirs of his widow after her death. Held that the gift did not vest at the death of the testator, and was void under the statute against perpetuities.

The will gave a certain income to each of the testator's two sons, with a provision that in case of the death of either his widow should receive a certain sum if he left no heirs. Held that the word "heirs" meant children.

The will provided that in case either of the sons should die leaving heirs the income should be paid by the trustee to his family as before his death until the youngest child should arrive at the age of twenty-

one, and proceeded thus:—" at which time the property may be divided equally among the heirs if the trustee and judge of probate shall think it safe to do so; it being my desire to place the estate so that it can not be squandered by the action of my sons." Held that, although the only gift to the children was this permissive provision for a distribution, yet as it would defeat the gift to regard it as vesting only on the death of the sons, and the intestacy resulting would defeat the testator's purpose not to have the property come under the control of his sons, and there are presumptions of law against intentional intestacy and in favor of offspring, it must be regarded as the intention of the testator that the interest of the children should vest upon his death.

[Argued June 9th—decided September 9th, 1887.]

SUIT for the construction of the will of Willis M. Anthony, deceased; brought to the Superior Court in New Haven County, and reserved for the advice of this court. The case is fully stated in the opinion.

*E. H. Rogers*, for J. Hopkins Anthony and Frances G. Anthony.

*J. W. Alling* and *J. H. Webb*, for Willis M. Anthony.

*C. R. Ingersoll*, for Sarah Anthony.

*J. G. Clark*, for Phœbe T. Anthony.

*G. R. Cooley*, for Carrie Anthony.

CARPENTER, J. This is a suit for the construction of a will. The material parts of the will are as follows:

"*Second.* I give, devise and bequeath to my wife Sarah, if living at the time of my death, my life insurance policy of two thousand dollars, the deposit now in her name in the National Savings Bank, and all the furniture and other articles of housekeeping and clothing which I may be possessed of at the time of my death, of which there shall be no inventory taken, to be hers and her heirs forever. Also the free use or income of my house in Meadow street, and an income in cash of twelve hundred dollars a year during her life; and after her death to divide equally among her legal heirs four thousand dollars, which shall be theirs forever."

"*Fifth.*  I give, devise and bequeath to my two sons, Henry W. and Leman H. Anthony, the balance of income from my estate, after paying expenses and all demands against said estate, to be paid them by my executor and trustee in such sums and at such times as they may think best for the interest of my sons and their families, during the lives of my sons; and in case of the death of either of them, to pay over to the widow, if living, three thousand dollars, providing he leaves no heirs; and in case of heirs the division to be made to his family the same as before his death, until the youngest child arrives at the age of twenty-one years, at which time the property may be divided equally among the heirs, if the trustee and judge of probate shall think it safe to do so; it being my desire to place the estate so that it cannot be squandered by the action of my sons."

The first question is, is the widow entitled to dower in addition to the provision for her contained in the second article of the will?

The widow does not claim dower; and it is contended in behalf of other parties that she is not entitled to it.  The case shows that by the terms of the will the widow takes about two thirds of the entire income of the personal property and the use of nearly one half of all the real estate.  We think that excludes dower as such.

The second question, whether the $1,200 per year is payable to the widow annually, or at periods during the current years at the discretion of the executor, requires no discussion. The payments should be made annually.

The several questions contained in subdivision three of paragraph nine of the complaint need not be separately considered.  They are substantially disposed of by the view we have taken of the main question, whether the legacy of $4,000 to the heirs of the widow vested at the death of the testator.

Its validity depends upon the answer to that question.  If it did not vest it is conceded that the bequest is inoperative, being contrary to the statute against perpetuities.  We think that it did not and could not vest until the death of the widow.  There is no gift of this sum except by the provision

for its distribution at the death of the widow, and there are no presumptions in its favor, such as presumptions in favor of offspring, against intestacy, and the like; and the will contains no words importing a present gift or bequest. Neither is there a class in existence at the death of the testator capable of taking. The class described is clear and definite—the legal heirs. There is no uncertainty or ambiguity, but its members can only be ascertained when the time for distribution arrives—at the death of the widow. In this respect it differs materially from ordinary class gifts to children, nephews, nieces, etc. The word " heirs " in this place is not the equivalent of nephews and nieces, and we cannot so interpret it. It is sometimes used in wills as synonymous with children, but seldom if ever as synonymous with nephews and nieces. Such relatives may become heirs; so also may persons who do not sustain that relation. No one is heir to the living, and presumptive heirs, as the term implies, may never become heirs in fact. So that Mrs. Anthony while living has no heirs. At her death for the first time the class of persons here described springs into existence. Till then the individuals constituting that class are uncertain; consequently there is no class and no individuals capable of taking.

Under the fifth article of the will all the parties in interest contend that the word "heirs," as used in connection with the death of the sons, means children. We think that that is clearly the meaning of the testator, and that so construing it gives effect to his intention.

One of the sons, Henry W., having died without children, his widow is entitled to the legacy of $3,000, subject, however, to this condition, that its payment shall not impair the income payable to the widow.

The other son died leaving one child, Willis M. Anthony, who is the only living descendant and the sole heir at law of the testator. The income of the estate, subject of course to prior bequests, is to be paid to Leman's family, including the widow, till the child becomes twenty-one years old. at which time he takes all the estate not before disposed of, under the

will by purchase and not by descent. It is true that the only language in the will importing a gift of the principal of the estate to Willis is found in the provision permitting a distribution to him when he arrives at the age of twenty-one years; but it is also true that that is the only disposition of the estate. If it is not given to him it is given to no one. Hence the presumptions in favor of offspring and against intestacy come in to aid the inference to be drawn from the permissive distribution, that the testator intended that his grandchildren should take the fee in his estate from his death. In this connection the last clause of the fifth article is significant. He certainly intended that under no circumstances should the fee vest in the sons. Intestacy might have defeated that intention.

The permissive character of the provision for a distribution instead of a positive direction, is peculiar. It probably emanated from his abundant caution to prevent his estate from being squandered and to secure it to his descendants. If so, and in any event, it should not be permitted to prevent the estate from vesting in the grandchildren.

We think the word "heirs," in the provision for a final disposition of the estate, is used in the same sense in which it is twice previously used in the same article, and means children.

This view of the case renders it clear that the trust contemplated for the benefit of the family of Leman H. Anthony is legal and operative, and must continue during the minority of Willis M. Anthony.

The Superior Court is advised that the widow is not entitled to dower; that the annuity to the widow is payable annually; that the attempted gift to the heirs of the widow is void; that the word "heirs" in the fifth article of the will means children; that the trust created by the fifth article is valid; and that the residue of the estate vests under the will in Willis M. Anthony.

In this opinion the other judges concurred.